**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

EDWIN R. BRACEY                                                    PLAINTIFF

v.                                             Civil Action No.3:04-cv-456WS

JOHN HANSON, III                                                  DEFENDANT

<u>**ORDER GRANTING REMAND**</u>

Before this court is plaintiff's renewed Motion to Remand **[Docket #14]**.  Plaintiff here is Edwin R. Bracey  ("Bracey" or "plaintiff") who has filed his motion to remand pursuant to Title 28 U.S.C. § 1447(c).[1]  In his complaint seeking compensatory damages, plaintiff accuses the defendant of negligence.  The defendant herein is John Hanson, III ("Hanson" or "defendant").

In his motion to remand, plaintiff Bracey contends that defendant Hanson improperly removed this case from state court to this federal court under Title 28 U.S.C. §1332,[2] which requires the satisfaction of two jurisdictional requisites:  diversity of citizenship and the requisite amount in controversy.  The parties agree that the amount in controversy involved in this lawsuit meets the minimum jurisdictional threshold.  The challenge submitted by plaintiff is whether this lawsuit features diverse parties.  Plaintiff, a citizen of Mississippi, says defendant also is a citizen of Mississippi.  Defendant opposes

---

[1]Title 28 U.S.C. § 1447(c) provides in pertinent part that "[a] motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a)....  If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

[2]Title 28 U.S.C. § 1332 which provides in pertinent part that "(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States.

plaintiff's assertion, arguing that he was domiciled in South Dakota, while plaintiff was domiciled in Mississippi when this lawsuit was filed in state court.  Nevertheless, this court finds the plaintiff's motion to remand well-taken and, therefore, grants the motion for the following reasons.

## **RELEVANT FACTS**

On October 7, 1997, Bracey and Hanson were involved in an accident in Lincoln County, Mississippi.  At the time of accident, Hanson resided at No. 8 Hillside Lane, Brookhaven, Mississippi, 39601.  On March 24, 1998, Hanson joined the United States Air Force and, subsequently, reported for basic training at Lackland Air Force Base in San Antonio, Texas.  After completing basic training, Hanson reported to the 365 Training Squadron at Shepard Air Force Base in Medina, Texas.  In March 1999, he received a permanent assignment at Elsworth Air Force Base in Elsworth, South Dakota.  Hanson remained in Elsworth, South Dakota, until he was honorably discharged from the Air Force in March 2002.  He currently resides in Baton Rouge, Louisiana.

The plaintiff, Bracey, resided at 31 Holly Springs Road, Foxworth, Mississippi, 39483 at the time of the accident.  At all relevant times, he has continued to reside in Mississippi.

Plaintiff Bracey filed this instant lawsuit in the Circuit Court of Lincoln County, Mississippi, on or about February 24, 2000.  Defendant removed this case from that state court to this United States District Court, Southern District of Mississippi, Jackson Division, on June 16, 2004.  Invoking diversity jurisdiction, the defendant contends that he was not a citizen of the State of Mississippi at the time plaintiff filed his lawsuit in state

court;  instead, says Hanson, at that time he was a citizen of South Dakota, a

circumstance which satisfies the diversity requirement of § 1332.

On December 17, 2004, this court heard oral arguments on the motion to remand, and allowed the plaintiff to take the deposition of the defendant on the issue of his citizenship only.  The deposition took place on January 5, 2005, but was suspended because the defendant did not have certain documents.  On March 30, 2005, the court held a telephone status conference with counsel for plaintiff and defendant, and ordered the parties to complete all efforts to retrieve pertinent documents and complete the deposition of the defendant within forty-five days.  The court also ordered the plaintiff to renew his motion to remand within ten days.  Plaintiff timely filed this renewed motion to remand.

The plaintiff responded by moving to remand this lawsuit.  Plaintiff says that the evidence shows that defendant never changed his domicile from No. 8 Hillside Lane, Brookhaven, MS, 39601, prior to the commencement of this lawsuit.

## **Analysis**

For the purposes of diversity of citizenship jurisdiction, the court applies federal common law to determine the citizenship of the parties.  *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996).  Under federal law, "there is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court."  *Id.*  The party seeking jurisdiction carries the burden of proving diversity when challenged by the adverse party.  *Mas v. Perry*, 489 F.2d 1396, 1399 (5th. Cir. 1974).  In proving diversity, the jurisdiction-seeking party's statements of intent carry very little weight when those

statements are in conflict with the evidence.  *Hendry v. Masonite Corp.*, 455 F.2d 955, 956 (5th Cir. 1972).  The court must evaluate the objective facts.  *Id.*  Diversity must exist at the time the action is commenced.  *Teal Energy USA, Inc. v. GT, Inc.*, 369 F.3d 873, 876 n.5 (5th Cir. 2004).

For the purpose of establishing diversity, "citizenship means domicile; mere residence in [a] [s]tate is not sufficient."  *Mas*, 489 F.2d at 1399.  A person's domicile is the place of "his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom. . . ."  *Id.*  In determining a party's domicile, the court must address a variety of factors.  No single factor is determinative.  The factors may include where the litigant:  1) exercises civil and political rights;  2) pays taxes;  3) owns real and personal property;  4) has a driver's and other licenses;  5) maintains bank accounts;  6) belongs to clubs and churches;  7) has places of business or employment;  and 8) maintains a home for his family.  *Coury*, 85 F.3d at 251.

In the instant case, the defendant argues that he was domiciled in Elsworth, South Dakota, when this action was commenced on February 24, 2000.  In support of this assertion, the defendant stated in an affidavit that:  during the entire time he was stationed at Elsworth Air Force Base, he considered Elsworth, South Dakota, as his place of domicile;  he never planned to return to No. 8 Hillside Lane, Brookhaven, MS, 39601 or to  his parent's residence;  he only returned to Mississippi to visit family;  he registered his vehicle in South Dakota;  he registered to vote in South Dakota;  and he used a South Dakota address on a contract document.  (Hansen Aff. *passim*).  The parties have

4

stipulated that the defendant declared domicile in South Dakota in August 2001, but this stipulation has no bearing on the issue of domicile *sub judice*.  What offer telling impact are Hanson's admissions.  He admits that he did not acquire off-base accommodations in South Dakota until either 2000 or 2001;  he could not remember an exact year.  In any event, he rented two apartments in South Dakota from 2000 or 2001 until he was discharged from the Air Force in 2002.  He also admits that he did not pay property taxes or state income taxes in South Dakota.  In fact, according to a letter from the Mississippi Tax Commission submitted by the plaintiff, the defendant paid state income taxes to Mississippi in 2000.  The defendant did pay taxes in South Dakota on a vehicle he purchased there.  In addition, the defendant still retains a Mississippi driver's license which he renewed in March 2001.

In light of the evidence presented by both parties, the court is not persuaded that the defendant was domiciled in South Dakota when this lawsuit was commenced in February 2000.  The defendant did not pay taxes in South Dakota;  there is no clear evidence that he exercised any political or civil rights in South Dakota;  he did not have any real property in South Dakota;  he did not have a South Dakota driver's license or any other licenses;  nor did he have any family ties in South Dakota. He did have a South Dakota bank account;  however, he also maintained a bank account in Texas while he was stationed in that state.

The defendant's central contention in opposing plaintiff's motion to remand is that the defendant had no intention of returning to Mississippi;  however, statements of intent

carry very little weight when those statements are in conflict with the evidence. *Hendry*, 455 F.2d at 956.

The court is also not persuaded that the instant case is analogous to the two cases cited by the defendant.  In *Codagnon v. Perrin*, the defendant-military person had purchased a home in the forum state;  his entire family lived in the forum state;  and his military records indicated that the forum state was his place of domicile.  351 F. Supp 1126, 1130 (D.R.I. 1972).

In *Ferrara v. Ibach,* the defendant-military person's entire family lived in the forum state and remained there while the military person was overseas;  he paid taxes in the forum state;  and he had no connection to his original domicile.  285 F. Supp. 1017, 1019-20 (D.S.C. 1968).  None of these elements is present in the instant case.

Accordingly, this court determines that the defendant was domiciled in Mississippi at the time this lawsuit was commenced in February 2000.  Consequentially, this court must conclude that it does not have subject matter jurisdiction here under § 1332 because the parties are not diverse in citizenship.

## CONCLUSION

This court finds that diversity of citizenship is not featured in this lawsuit  The court, therefore, grant's plaintiff motion for remand.

**SO ORDERED AND ADJUDGED, this the 27th day of March, 2006.**

**s/ HENRY T. WINGATE**

**CHIEF UNITED STATES DISTRICT JUDGE**

Civil Action No. 3:04-cv-456WS
Order Granting Remand

6